UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LA'MARR E. HOWARD,

                            Plaintiff,

          v.                                              Case No. 25-cv-0219-bbc

JOHN DOES et al.,

                            Defendants.

## DECISION AND ORDER

La'Marr Howard is incarcerated at the Oakhill Correctional Institution and representing himself in this 42 U.S.C. §1983 case. On April 1, 2025, the Court screened the complaint and allowed Howard to proceed on Fourth Amendment claims against a John Doe K-9 officer and other John Doe officers who allegedly stood nearby while the K-9 officer allegedly allowed his K-9 to repeatedly bite Howard even though Howard was not resisting and was crying out in pain. *See* Dkt. No. 7. Because Howard did not know the names of the officers, the Court added City of Milwaukee Chief of Police Jeffrey Norman as a Defendant for the limited purpose of helping Howard identify the K-9 officer and the other officers who were present and who had a reasonable opportunity to intervene.

On December 1, 2025, Howard filed a motion to identify the Doe Officers. The motion consists of a list of twelve people and one dog. Apart from their job titles, Howard does not include any explanation of who these individuals are or how they were allegedly involved in the violation of his rights. Although the Court assumes "K-9 Chaz" is the dog who allegedly bit Howard, a dog is not a "person" that can be sued under §1983. With regard to the twelve people he lists, the Court does not know which of the officers was the K-9 handler, nor can the Court reasonably infer that everyone on the list had a reasonable opportunity to intervene in the alleged misconduct. Accordingly, the Court will deny Howard's motion to identify the Doe Defendants.

Howard may file an amended complaint that includes all of the allegations against all of the people he wants to sue. Howard is reminded that the amended complaint will replace the original complaint so it must be complete in itself without reference to or reliance on the original complaint. Howard is also reminded that §1983 requires that an individual be personally involved in the alleged constitutional violation. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). This means that any officer Howard sues for allegedly failing to stop the K-9 from biting him must have had a reasonable opportunity to intervene. The mere fact that an officer was in the area or was somehow involved in the search for and arrest of Howard is not a sufficient basis for the Court to infer that the officer was personally involved in the alleged violation of Howard's rights.

If an amended complaint is received by **January 12, 2026**, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this case based on Howard's failure to diligently prosecute it.

**IT IS THEREFORE ORDERED** that Howard's motion for an order identifying the John Does (Dkt No. 20) is **DENIED**.

**IT IS FURTHER ORDERED** that Howard may file an amended complaint by **January 12, 2026**. If he fails to do so, the Court will dismiss this case based on his failure to diligently prosecute it. The Court will enclose a blank amended complaint form with this order.

**IT IS FURTHER ORDERED** that Chief of Police Jeffrey Norman shall be terminated from this action. The Court thanks Chief of Police Jeffrey Norman and his counsel for helping Howard learn the names of the unidentified officers.

Dated at Green Bay, Wisconsin on December 15, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge